UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ULYSSE DAIGLE, JR.                                        CIVIL ACTION

VERSUS                                                    NO. 08-2972

SUPERIOR WELL SERVICES, INC., ET AL            SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motion to apportion costs of recovery and set intervenor's recovery out of settlement proceeds filed by the intervenor, Great West Casualty Company. Rec. Doc. 234. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

This single issue presented in this motion is the amount, if any, that should be provided by the intervenor to the plaintiff as a portion of the attorney's fees incurred by the plaintiff in reaching the $1,150,000 settlement in this diversity personal injury action.[1] The guiding statutory provision is La. Rev.Stat. §23:1103C.(1), which reads in relevant part as follows:

---

[1] The parties appear to agree that the total amount of the intervenor's lien is $200,422.12. Rec. Doc. 242 at 7; Rec. Doc. 246 at 2-3.

1

> If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the intervenor's recovery dor prejudgment payments or prejudgment damages.   The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party. ... Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff.   The pro rata share of the intervenor's costs shall be based on intervenor's recovery of prejudgment payments or prejudgment damages.

Prior to the enactment of this statute, the rule regarding any award attorney's fees to plaintiff's counsel from intervenor's lien was *Moody v. Arabie*, 498 So.2d1081 (La. 1986), which held that the insuer and employee are co-owners of rights the injured employee has against third parties.[2]  "The *Moody* court intended to prevent an intervenor insurance company from 'free riding' on the plaintiffs' attorney by not paying any portion of the attorneys' fees." *Labiche v. Legal Security Life Ins. Co.*, 31 F.3d 350, 354 (5th Cir. 1994).  "The *Moody* court held that an employer's compensation carrier must bear an equitable portion of a tort plaintiffs' attorneys' fees when that carrier intervenes in an action between a plaintiff and a third party tortfeasor's carrier for paid

---

[2]The Fifth Circuit has noted that this area of Louisiana workers' compensation law is "difficult" and that under the Longshoremen's and Harbor Workers' Compensation Act, the employee is not entitled to recover proportionate attorney's fees from the intervenor employer.  *King v. Employers National Ins. Co.*, 928 F.2d 1438, 1444 (5th Cir. 1991).

compensation." *Chevalier v. Reliance Insurance Co.*, 953 F.2d 877, 884 (5th Cir. 1992).

The Court is presented here with a case in which the intervenor has documented that it was involved and active in trial preparation and settlement. The maximum for fees and costs available to plaintiff's counsel from the intervenor's portion of the settlement is one-third of $200,422.12, which the Court calculates at $66,807.37. The Court will assume for present purposes that the plaintiffs' recoverable expenses and losses are approximately $32,000.00,[3] which must be reduced under the statute by a pro rata share of $200,422.12/$1,150,000.00, or approximately 17.43%, effectively leaving approximately $61,000.00 available for as a maximum award for any attorney fee award to the plaintiffs.

The Court is mindful that whatever effort was expended by the intervenor's counsel necessarily relates to the recovery of its lien, not the total amount of the settlement, and that both amounts reflect the fact that the plaintiff's brain function was squarely at issue and fueled a large overall settlement. There seems to be no dispute that the intervenor did not have a "free ride" here, or that the plaintiffs' counsel will be compensated for the risks they took and their efforts. At the same time, the Court has

---

[3]Although there was an issue as to proof and the amount of plaintiffs' recoverable costs and expenses, that issue appears to have been resolved as well. Rec. Doc. 242 at 2-3; Rec. Doc. 245 at 1-2. The Court fully expects counsel to calculate the appropriate exact figure.

been presented with no legal authority for the intervenor's ultimate proposition that the statute would allow no "portion" of the intervenor's lien to be awarded to the plaintiffs as attorneys fees under these circumstances.

The statute advises that "[t]he amount of the portion of attorney fees award shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party."  Without diminishing the effort of plaintiffs' counsel, given the intervenor's overall beneficial contribution, the Court finds that an equitable portion for the plaintiffs' attorneys from the intervenor's lien is $25,000.00, leaving a slightly greater amount of the lien recoverable to the intervenor after the pro rata share of costs and expenses is paid.

Accordingly,

IT IS ORDERED that the motion to apportion costs of recovery and set intervenor's recovery out of settlement proceeds filed by the intervenor, Great West Casualty Company is PARTIALLY GRANTED and PARTIALLY DENIED.  Rec. Doc. 234.

IT IS FURTHER ORDERED that within ten days the parties shall submit a proposed judgment, agreed as to form, that includes this attorney's fee award to the plaintiffs along with the calculation of the costs and expenses pro rata share due the

plaintiffs based on the final numbers.

New Orleans, Louisiana, this 27th day of December, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE